**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ADARRYL LAJUONE McDOWELL**                                                            **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION NO. 3:14CV643-LRA**

**DR. LAWRENCE SUTTON AND
WARDEN GRADY WALLACE**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on January 27, 2015, for a hearing conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The hearing also was conducted for discovery and scheduling purposes and to allow Plaintiff Adarryl LaJuone McDowell an opportunity to orally explain his claims as set forth in the Complaint. The Court has considered Plaintiff's written claims under 28 U.S.C. § 1915(e)(2), utilizing his sworn testimony at this hearing.

**I.     FACTS**

Plaintiff McDowell was incarcerated in the Walnut Grove Correctional Facility ("WGCF") in the custody of the Mississippi Department of Corrections ["MDOC"] as a convicted felon in May 2014. According to Plaintiff, he suffered from diabetes and hypertension and was given "chronic care" checkups in the medical unit. The medical unit summoned him for one of these checkups sometime during the last week of May 2014. When he went, his hearing was fine. In checking him, Defendant Dr. Sutton stuck about half of a large Q-tip in his right ear. His ear immediately began bleeding, and he suffered from pain and could not hear afterwards for at least two months.

Plaintiff was taken by the WGCF officials to an ear, nose, and throat specialist, Dr. Casano, on July 16, 2014, and Dr. Casano diagnosed him with "contusive hearing loss." According to Plaintiff, Dr. Casano advised that this may have been caused by eardrum damage that had healed. Plaintiff sued Dr. Sutton because he "committed the actual act of sticking half of a large Q-tip into [his] right ear." [1, p. 5]. Plaintiff named Warden Wallace as a Defendant because he manages Management Training Corporation (MTC), which contracted with Dr. Sutton, and this makes MTC and Warden Wallace responsible for Dr. Sutton being at the facility, according to Plaintiff.

As the relief sought, Plaintiff asked the Court to have Dr. Sutton reprimanded by the medical board and to order that Dr. Sutton and MTC compensate him "for medical malpractice, pain and suffering" in the amount of $100,000 for [his] hearing loss."

## II.   CONSTITUTIONAL CLAIMS

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). The undersigned finds no "exceptional circumstances" which would promote this medical neglect or malpractice claim to a constitutional claim. "[M]alpractice and negligent treatment do

not rise to the level of a constitutional tort." *Harris v. Hegmann,* 196 F.3d 153, 159 (5th Cir. 1999).

Plaintiff's own testimony confirms that his claims against Dr. Sutton are based on his view that Dr. Sutton committed medical malpractice by putting the Q-tip in his ear---he was **negligent.** Plaintiff does not contend that Dr. Sutton purposely harmed him or had any reason to want him to suffer. Plaintiff even used the term "medical malpractice" in his Complaint [1, p. 4] in describing the relief he requested. 42 U.S.C. § 1983 has never been interpreted to provide that negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 414 U.S. 344 (1986); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991), *Mendoza,* 989 F.2d at 193.

For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Mere negligence, even gross negligence, is insufficient. *Stewart v. Guzman*, No. 13-10139, 2014 WL 644544 (5th Cir. Feb. 20, 2014) (unpublished). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Walker v. Howard,* 517 F.App'x 236, 237 (5th Cir. 2013) (unpublished) (quotation omitted). The underlying facts of a deliberate indifference claim "must clearly evince the serious medical need in question and the alleged official dereliction. A serious

medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Lewis v. Evans*, 440 F. App'x 263, 264 (5th Cir. 2011) (per curiam) (unpublished) (internal quotation marks and citations omitted).

To prevail on a deliberate indifference claim, a prisoner must show that "prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (internal quotation marks and citation omitted). Plaintiff was obviously displeased that Dr. Sutton used the Q-tip on his car, causing it to bleed and harm his hearing. The incident was certainly unfortunate, and may even constitute medical malpractice. But, Plaintiff's displeasure is not indicative of a "deliberate indifference" to a serious medical need. After Plaintiff's ear continued to have problems, Dr. Sutton and the prison obtained a specialist for further treatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. He has not set forth an arguable constitutional claim in his complaints regarding Dr. Sutton.

### III.   CLAIMS AGAINST WARDEN WALLACE

Because Plaintiff cannot establish a constitutional claim under the circumstances of this case against Dr. Sutton, no claim against Warden Wallace or MTC exists. *See Becerra v. Asher,* 105 F.3d 1042, 1048 (5th Cir. 1997)(a constitutional violation is an essential element in a section 1983 claim against a municipality). Even so, liability cannot attach to an entity

simply because it employs a tortfeasor; it may be held liable only for acts for which it is actually responsible. *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 691 (1978); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986). Nor can government officials be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) citing *Monell,* 436 U.S. at 691. Plaintiff's claims will also be dismissed as to Warden Wallace.

## IV.     CONCLUSION

McDowell was granted *in forma pauperis* [IFP] status by Order entered August 28, 2014 [9]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). This Court conducted the *Spears* hearing in order to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181). This Court concludes that McDowell's claims against both Dr. Sutton and Warden Wallace are legally frivolous, lacking an arguable basis either in law or in fact.

IT IS THEREFORE ORDERED that the Complaint filed by Plaintiff is dismissed with prejudice, and Final Judgment in favor of Defendants shall be entered.

SO ORDERED, this the 30th day of March 2016.

                                              S/ Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE